O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOANG VAN NGUYEN,<br><br>Petitioner,<br><br>v.<br><br>J. JOHNSON et al.,<br><br>Respondents. | Case No. 5:26-cv-03254-CAS-MAR<br><br>**ORDER ACCEPTING RECOMMENDATIONS AND FINDINGS OF UNITED STATES MAGISTRATE JUDGE** |

## I. INTRODUCTION

On July 27, 2026, United States Magistrate Margo A. Rocconi (the "Magistrate Judge") issued a Report and Recommendation granting petitioner Hoang Van Nguyen's petition for a writ of habeas corpus. Dkt. 21 ("R&R"). On July 30, 2026, Respondents filed objections to portions of the R&R (the "Objection" or "Obj."). Dkt. 22. On August 3, 2026, Petitioner filed a reply. Dkt. 23.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records and files herein, the R&R of the Magistrate Judge, and Respondents' Objection thereto.

After having made a *de novo* determination of the portions of the R&R to which Respondents' Objection was directed, the Court accepts the report and recommendations of the Magistrate Judge.

**II. BACKGROUND**

On June 11, 2026, Hoang Van Nguyen (A# 426-301-193), proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") by a Person in Federal Custody pursuant to 28 U.S.C. § 2241. Dkt. 1 ("Pet"). Petitioner argues his continued detention in Immigration and Customs Enforcement ("ICE") custody violates his Fifth Amendment due process rights and seeks release. Id. at 13. Respondents filed an Answer arguing that Petitioner has not established that his removal is not reasonably foreseeable because Respondents have recently removed individuals to Vietnam. Dkt. 10 ("Answer").

Petitioner came to the United States as a refugee from Vietnam in 1990 when he was 15 years old. Pet. at 2. Petitioner was ordered removed on or around 2007 and was released from custody on an Order of Supervision ("OSUP") after six months in custody because he could not be removed. Answer at 6; Pet. at 2. For 17 years, Petitioner attended every ICE check-in and complied with all requirements for his release. Pet. at 3. Since being released, Petitioner has established a life here in the U.S. Id. at 4. He has two U.S. citizen children and is an active member in his community. Id.

On June 1, 2026, Petitioner was re-detained by ICE. Id. Upon arrest, officers indicated that his removal proceedings would be reviewed. Id. Officers did not provide him an opportunity to respond to any potential reasons for his re-arrest. Id. Petitioner was then transferred to where he is currently detained at the Adelanto ICE Processing Center in Adelanto, California. Id.

## III. LEGAL STANDARD

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. See 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." Chith v. Haynes, No. C18-5342 BHS, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

## IV. DISCUSSION

Respondents object to the following two recommendations in the R&R:

(4) Respondents are ORDERED not to re-detain Petitioner…unless they afford Petitioner a hearing before a neutral adjudicator, where the government bears the burden of proof by clear and convincing evidence that

> his re-detention is justified based on changed circumstances and that he is a flight risk or danger; and (5) Respondents are ORDERED not to re-detain Petitioner under 8 U.S.C. § 1231(a)(6) unless and until Respondents obtain a travel document for his removal.

Obj. at 1 (quoting R&R at 9).

In reply, Petitioner argues that he should be released immediately because Respondents' objections do not contest the Magistrate Judge's recommendation that Petitioner be immediately released from custody subject only to the conditions of his prior Order of Supervision. Reply at 2.

Because Respondents do not contest the Magistrate Judge's recommendation that Petitioner be immediately released, the Court finds that Petitioner is entitled to immediate release from custody. The Court proceeds to discuss the two recommendations that Respondents object to.

**A. Pre-Deprivation Hearing**

Respondents argue that a permanent injunction for a pre-deprivation hearing is outside of the scope of habeas and has recently been rejected by other judges in this District. Id. at 1 (citing cases). They argue that "Immigration Judges do not have the legal authority or jurisdiction to conduct a 'pre-deprivation' custody redetermination hearing because the Attorney General has not delegated the authority to conduct this type of specific class of proceeding." Id. at 3. Respondents argue that "[r]egarding custody reviews, the regulations only provide Immigration Judges with authority to redetermine the conditions of custody imposed by the Department of Homeland Security with respect to non-citizens against whom an arrest warrant has been issued in conjunction with the service of a Notice to Appear relating to removal proceedings pursuant to 8 C.F.R. Part 1240." Id. at 3. They argue that "[n]either a U.S. District Judge nor a U.S. Magistrate Judge can issue regulations to give Immigration Judges additional authorities";

accordingly, "[a]n Immigration Judge is in fact not free to conduct the hearing as demanded by the [Magistrate Judge]." Id. at 4.

The Court finds that Respondents may not re-detain Petitioner absent a pre-deprivation hearing other than to effectuate his removal under 8 U.S.C. § 1231(a)(6). Petitioner has been living in the United States since 1990 and has built a life here; he has been gainfully employed, taken care of his United States citizen family members, and has been involved in his community. See Pet. at 2–3. It is also undisputed that Petitioner was last released on an OSUP approximately 17 years ago, and through all that time, he has followed all the rules and has not violated any term of the OSUP. Id. Thus, the Court concludes that after Petitioner was released from custody under the OSUP, he acquired "a protected liberty interest in remaining out of custody." Pinchi v. Noem, 792 F.Supp.3d 1025, 1032 (N.D. Cal. July 24, 2025) (collecting cases); Guillermo M. R. v. Kaiser, 791 F. Supp. 3d 1021, 1030 (N.D. Cal. 2025) ("The Supreme Court has recognized this protected liberty interest even though the released individual is subject to extensive conditions of release, like reporting regularly to a parole officer, not using alcohol, and not traveling out of the country."). Thus, to adequately protect Petitioner's procedural due process rights, the Court concludes that Petitioner may not be re-detained unless he is first afforded a pre-deprivation hearing (unless he is detained under 8 U.S.C. § 1231(a)(6) to effectuate his removal). See, e.g., Mourey v. Bowen, 2026 WL 467567, at *4 (C.D. Cal. Jan. 31, 2026) ("Pursuant to the holding in Mathews, Petitioner should have been afforded a pre-detention hearing."), report and recommendation adopted, 2026 WL 464788 (C.D. Cal. Feb. 17, 2026).

As to Respondents' arguments that Immigration Judges "do not have the legal authority or jurisdiction to conduct a 'pre-deprivation' custody redetermination hearing" and that the federal courts cannot "give Immigration

Judges additional authorities," this Court—like others—finds such arguments unpersuasive. See Alwarhani v. Adelanto ICE Processing Ctr., No. 5:26-CV-01487-JAK (DTBX), 2026 WL 1847435, at *3 (C.D. Cal. June 26, 2026); Barrera v. Noem, No. 5:26-CV-01063-SSS-AYP, 2026 WL 1763829, at *2 (C.D. Cal. June 18, 2026); Cuong Huy Cu v. Marin et al., No. 5:26-CV-01274-AB (KES), 2026 WL 1999356, at *2 (C.D. Cal. July 9, 2026). "The power to order a bail hearing before an immigration judge is the type of practice and workable remedy within the district court's broad equitable powers." Mau v. Chertoff, 562 F. Supp. 2d 1107, 1114 (S.D. Cal. 2008). Accordingly, the Court agrees with the Magistrate Judge that if Respondents seek to re-detain Petitioner in the future (other than to effectuate his removal under 8 U.S.C. § 1231(a)(6)), Respondents must first afford Petitioner a hearing before a neutral adjudicator at which Respondents must show by clear and convincing evidence that Petitioner's re-detention is justified based on changed circumstances and that he is a flight risk or danger to the community. See R&R at 8; Alwarhani, 2026 WL 1847435, at *3 ("[T]he [pre-deprivation hearing] injunction recommended in the R&R is modified to clarify that it applies only to any future attempt to re-detain Petitioner pursuant to 8 U.S.C. § 1226(a)."); Padilla-Ramirez v. Bible, 882 F.3d 826, 829-30 (9th Cir. 2017) ("The bond hearing authorized under 8 C.F.R. § 236.1(d)(1) [a regulation implementing 8 U.S.C. § 1226] does not apply to detentions authorized under section 1231(a).").

**B. Travel Document for Removal**

Respondents argue that the Magistrate Judge's recommendation—that Respondents be ordered not to re-detain Petitioner under 8 U.S.C. § 1231(a)(6) unless and until Respondents obtain a travel document for his removal—is contrary to Ninth Circuit and Supreme Court precedent. Id. at 4. Respondents argue that "[s]pecifically, Zadvydas v. Davis, 533 U.S. 678 (2001) does not require Respondents to pre-arrange a noncitizen's travel documents before arresting them,

which would often be extremely difficult if not impossible. … Instead, the Supreme Court was clear that the Constitution prevents only 'indefinite' or 'potentially permanent' detention." Id. at 4. Respondents argue that the fact "[t]hat Petitioner does not yet have a specific date of anticipated removal does not make his detention indefinite." Id. at 5.

The Court agrees with the Magistrate Judge that Respondents shall be ordered not to re-detain Petitioner under 8 U.S.C. § 1231(a)(6) unless and until Respondents obtain a travel document for his removal. 8 U.S.C. § 1231 directs the Attorney General to remove a noncitizen pursuant to an order of removal and authorizes detention during the removal period. 8 U.S.C. § 1231(a). However, if "removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Zadvydas, 533 U.S. at 699. In Zadvydas, the Supreme Court recognized a presumption that a period of detention of six-months is reasonable to effectuate removal. Id. at 701. After the six-month period, the burden is on the noncitizen to show that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. After the petitioner makes such a showing, "Respondents must respond with evidence sufficient to rebut that showing" to justify petitioner's continued detention. Id.

Here, it is undisputed that Petitioner was detained for six months in 2009. Pet. at 2; Answer at 6. On June 1, 2026, Petitioner was re-detained. Pet. at 2; Answer at 6. Thus, Petitioner's instant detention is no longer "presumptively reasonable." Zadvydas, 533 U.S. at 701. See Sied v. Nielsen, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018) (noting that "[s]everal courts have held that the six-month period does not reset when the government detains an alien under 8 U.S.C. § 1231(a), releases him from detention, and then re-detains him again.") (citing cases). Moreover, Petitioner has provided "good reason to believe that there is no

significant likelihood of removal in the reasonably foreseeable future" which Respondents have failed to rebut with evidence. Zadvydas, 533 U.S. at 701. Petitioner has not been given information about his removal to Vietnam or any other country, the status of his travel documents, or a timeline for his detention and contemplated removal. R&R at 4. Nor have Respondents provided any information to the Court indicating that there is significant likelihood that Petitioner may be removed in the reasonably foreseeable future. See generally Ans. As the Magistrate Judge has explained, "[m]any courts have found that removal to Vietnam was not reasonably foreseeable under similar circumstances." R&R at 4-5 (citing cases). Accordingly, because Petitioner has demonstrated that his removal is not reasonably foreseeable, his detention under 8 U.S.C. § 1231(a)(6) is no longer authorized, and Petitioner is entitled to be released. See Zadvydas, 533 U.S. at 699. Under similar factual circumstances, numerous district courts have held that the proper remedy is to enjoin Respondents from re-detaining Petitioner under 8 U.S.C. § 1231(a)(6) unless and until Respondents obtain a travel document for his removal. See Al Zoubani v. Noem, No. 26-CV-378-BJC-KSC, 2026 WL 524053, at *3 (S.D. Cal. Feb. 25, 2026) (ordering that "Respondents are ENJOINED from re-detaining Petitioner under 8 U.S.C. § 1231(a)(6) unless and until Respondents obtain a travel document for his removal" where "[n]o travel documents have been obtained at this time, and there is no indication when they might be obtained"); Cordero v. Garland, No. 26-CV-2382-BJC-GC, 2026 WL 1697632, at *2 (S.D. Cal. June 11, 2026) (ordering that "Respondents are ENJOINED from re-detaining Petitioner under 8 U.S.C. § 1231(a)(6) unless and until Respondents obtain a travel document for her removal" where "[n]o travel documents have been obtained at this time"); Phan v. Warden of Otay Mesa Det. Facility, 813 F. Supp. 3d 1179, 1186 (S.D. Cal. 2025) ("[E]vidence that Respondents have successfully removed other Vietnamese citizens is insufficient

to demonstrate a significant likelihood that *Petitioner* will receive a travel document.") (emphasis in original).

Accordingly, Respondents may not to re-detain Petitioner under 8 U.S.C. § 1231(a)(6) unless and until Respondents obtain a travel document for his removal and comply with all applicable statutory and regulatory procedures, including 8 C.F.R. § 241.13(i)(3)[1] and 8 C.F.R. § 241.4(l)(1).[2]

**V. CONCLUSION**

Having completed its review, the Court accepts and adopts the findings and recommendations set forth in the R&R.

Accordingly, **IT IS ORDERED** that Judgment be entered:

1. The Petition is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Hoang Van Nguyen (A# 426-301-193) from custody subject only to the conditions of his prior Order of Supervision and return all property taken from Petitioner during his arrests and processing into detention;
3. Respondents are **ORDERED** to file a Notice of Compliance within two (2) days of this Order; and
4. Respondents are **ORDERED** not to re-detain Petitioner (a) unless and until Respondents obtain a travel document for his removal and unless Respondents first follow all procedures set forth in 8 C.F.R. §§ 241.4,

---

[1] "Upon revocation [of release from detention], the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. …" C.F.R. § 241.13(i)(3).

[2] "Upon revocation [of release from detention], the alien will be notified of the reasons for revocation of his or her release or parole. The alien will be afforded an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.4(l)(1).

241.13, and any other applicable statutory and regulatory procedures; OR (b) unless Respondents first afford Petitioner a hearing before a neutral adjudicator, where the government bears the burden of proof by clear and convincing evidence that his re-detention is justified based on changed circumstances and that he is a flight risk or danger to the community.

Dated: August 4, 2026

Christina A. Snyder

HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE